**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BRIAN J. TEATOR,

                                        Plaintiff,

            v.

                                                        No. 3:25-CV-0111
EILEEN A. SHEDROFF,                                     (AJB/PJE)

                                        Defendant.

**APPEARANCES:**

Brian J. Teator
984 State Route 79
Windsor, New York 13865
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

#### I. **In Forma Pauperis**

        Plaintiff pro se Brian J. Teator ("plaintiff") commenced this action on January 23,

2025, by filing a complaint.  *See* Dkt. No. 1.  In lieu of paying this Court's filing fee, plaintiff

submitted an application for leave to proceed in forma pauperis ("IFP").  *See* Dkt. No. 2.

The undersigned has reviewed plaintiff's IFP application and determines that he

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

financially qualifies to proceed IFP.[2]  The undersigned must now assess the merits of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915, 1915A.

## II.  Sufficiency of the Complaint

### A.  Legal Standards for Review

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Where the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest."  *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted).  As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest.  At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .

*Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted*); see also Sealed Plaintiff v. Sealed Defendant,* 537

---

[2] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs they may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally.") (internal quotation marks and citations omitted).  Thus, the Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure."[3] *Kastner v. Tri State Eye*, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)).[4]  "Rule 8 of the Federal Rules of Civil Procedure '*demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.*'"  *Trisvan v. Mildred Elley Sch.,* No. 1:23-CV-1123 (MAD/DJS), 2023 WL 7835696, at *2 (N.D.N.Y. Sept. 29, 2023), *report and recommendation adopted,* No. 1:23-CV-1123 (MAD/DJS), 2023 WL 7647776 (N.D.N.Y. Nov. 14, 2023) (quoting *Ashcroft*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 555)) (emphasis added).

---

[3] Hereinafter, "Fed. R. Civ. P."
[4] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

"Thus, a pleading that only 'tenders naked assertions devoid of further factual enhancement' will not suffice." *Id.* (quoting *Ashcroft*, 556 U.S. at 678).

### B.    Fed. R. Civ. P. 8

Fed. R. Civ. P. 8 requires the complaint to include "a short and plain statement of the grounds for the court's jurisdiction . . .  a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought . . . ." FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." FED. R. CIV. P. 8(d).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)).

When a complaint fails to comply with basic pleading requirements it presents too heavy a burden for defendants to fashion a defense "and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

### III.  Discussion

### A.  Complaint[5]

---

[5] Plaintiff included two attachments with his complaint.  *See* Dkt. Nos. 1-1, 1-2.  These attachments have also been reviewed in connection with the initial review of plaintiff's complaint.  *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint.") (internal quotation marks and citations omitted).

Plaintiff claims that Eileen A. Shedroff ("Shedroff"), who he lists as residing at the same address as himself, "violat[ed] an order of protection." Dkt. No. 1 at 2-3. Plaintiff alleges that Shedroff "caused excessive damage" to his father's home and financial stress to both his father and himself. *Id*. at 4. He further alleges that Shedroff brandished loaded firearms "quite carelessly, and with intent, with rounds chambered." *Id*. Plaintiff claims that Shedroff "has also been using social media and friends around the country to intimidate [him] and damage [his] reputation." *Id*.

A civil cover sheet attached to plaintiff's complaint checks the box for federal question jurisdiction, stating that plaintiff's "other civil rights" were violated due to Shedroff's conduct and providing that plaintiff seeks to "file extreme risk protective order." Dkt. No. 1-2. Also attached to plaintiff's complaint is a copy of an "Application for a Temporary Extreme Risk Protection Order" that, according to what appears to be a filing stamp, may have been filed on January 23, 2025, though it is unnotarized. *See* Dkt. No. 1-1. Plaintiff states he is not seeking financial compensation, indicating that he wants Shedroff "to get the help she needs."[6] Dkt. No. 1 at 4.

### B. **Analysis**

Plaintiff's complaint clearly does not satisfy the requirements of Rule 8. The precise nature of plaintiff's complaint is unclear. Liberally construing the complaint, plaintiff seeks to proceed against Shedroff based on an unidentified "federal question," for violating his "other civil rights," and for defaming him. *See generally* Dkt. Nos. 1, 1-2. In its current form, the allegations in plaintiff's complaint amount to baseless conclusions.

---

[6] The undersigned notes that plaintiff, despite not seeking compensation, alleges that Shedroff caused greater than $20,000 of damage to his home, property, and personal vehicle. *See* Dkt. No. 1 at 4.

First, plaintiff's fleeting reference to federal question through the checking of a box on a form complaint is not sufficient to meet Rule 8's requirement of a short and plain statement of the grounds for the Court's jurisdiction. *See Empire HealthChoice Assur., Inc. v. McVeigh*, 396 F.3d 136, 140 (2d Cir. 2005) ("[A] plaintiff cannot create federal jurisdiction . . . simply by alleging a federal claim where in reality none exists.  Subject matter jurisdiction will lie only where the court determines that the substance of [the plaintiff's] allegations raises a federal question.") (internal quotation marks and citations omitted).   "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).  Plaintiff has failed to provide any substance for his claim that jurisdiction is based on a federal question.

Second, although plaintiff attaches to his complaint an "Application for a Temporary Extreme Risk Protection Order," dated January 23, 2025, Dkt. No. 1-1, plaintiff fails to allege or demonstrate (1) that his application for an order of protection was granted, (2) the terms of said order of protection, or (3) how Shedroff violated the order of protection.  However, even if plaintiff had demonstrated that there exists a valid order of protection from state court, and that Shedroff violated that order of protection, plaintiff fails to demonstrate how any of the allegations that are contained in the complaint or its attachments resulted in a violation of his civil rights or otherwise present a federal question.  *See* Dkt. No. 1-2; *see generally* Dkt. Nos. 1, 1-1.  Plaintiff does not reference any Constitutional amendment or federal law, and nothing in the minimal facts he does include suggests that there existed any violation of his constitutional rights by a state actor acting under the color of state law.  Private conduct, no matter how wrongful, is generally

beyond the reach of Section 1983.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50; *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982).

In short, it appears that plaintiff is seeking this Court to either grant an order of protection, prosecute Ms. Shedroff for an alleged violation of an order of protection that was entered by another court.  This Court has neither the jurisdiction to initiate the investigation, arrest, or prosecution of any citizen nor the ability to enforce nor impose consequences for a violation of an order of protection entered by a state court.  *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981); *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also McFadden v. Ortiz*, 5:12-CV-1244 (MAD/ATB), 2013 WL 1789593, at *3 (N.D.N.Y. Apr. 26, 2013).  To the extent plaintiff may be seeking this Court to direct a state court to issue an order of protection on his behalf against Shedroff, "this court cannot provide the relief he seeks because federal courts cannot compel state-court action[,]" *Todie-Reyes v. Orellana*, No. 21-CV-10444 (LTS), 2022 WL 2819599, at *2 (S.D.N.Y. July 18, 2022) (citing *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988)), nor can it review a state court's denial of an order of protection under *Rooker-Feldman*.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005) (noting that the *Rooker-Feldman* doctrine bars federal courts from reviewing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

Finally, should plaintiff be seeking this Court to enter its own order of protection against Shedroff, such request does not arise under federal law and there is no underlying

matter for which this Court has subject matter jurisdiction. *See, e.g.*, *Rice v. Rice*, 10-CV-2002, 2010 WL 2090088, at *3 (D. Minn. May 21, 2010) (finding that petition for order of protection did not arise under federal law pursuant to 28 U.S.C. § 1331 and remanding to state court for lack of subject matter jurisdiction); *see Araman v. Real Est. Bd. of New York*, No. 21-CV-8397 (RA), 2022 WL 1443320, at *4 (S.D.N.Y. May 6, 2022) ("Plaintiff does not have standing to seek criminal sanctions or an order of protection from this Court."); *McCaffrey v. Gatekeeper USA, Inc.*, No. 14-CV-493 (VSB), 2023 WL 2945799, at *1 (S.D.N.Y. Apr. 14, 2023) (quoting *Briglin v. Baker*, No. 15-CV-6162L, 2018 WL 4692459, at *8 (W.D.N.Y. Oct. 1, 2018) ("In fact, 'it is far from clear that federal courts have the authority to issue orders of protection.'")).

Plaintiff does not demonstrate jurisdiction based on diversity jurisdiction either. The undersigned observes that all parties are citizens of New York. *See* Dkt. No. 1 at 1-2. *See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998)) (noting that diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship."); *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." (citation omitted)).  Further, plaintiff does not allege that the amount in controversy is at least $75,000.00.  *See generally* Dkt. No. 1.

As plaintiff has fully failed to establish this Court's jurisdiction, it need not exercise supplemental jurisdiction to reach any of his state law claims.  *See* 28 U.S.C. § 1367(c)(3) (stating that a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction."); *see, e.g.*, *Marcus v. AT&T*

*Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

In sum, the complaint fails to satisfy Rule 8's requirements of clearly identifying a claim showing plaintiff is entitled to relief.  *See* FED. R. CIV. P. 8.  The complaint further fails to establish this Court's subject matter jurisdiction as plaintiff has not established federal question or diversity jurisdiction. Given these shortcomings, the complaint is subject to dismissal. "[A] court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cnty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Here, it is recommended that plaintiff's complaint be dismissed without opportunity to amend. Plaintiff has failed to establish federal question or diversity jurisdiction.  Plaintiff seeks this Court to either enter its own order of protection or invoke sanctions or prosecution for a violation of a state court order of protection, nothing in the complaint even hints at the involvement of a state actor acting under color of state law, and it is clear that diversity jurisdiction does not lie.  As the defects in plaintiff's complaint are substantive and would not be cured on amendment, it is not recommended that leave to amend the complaint be afforded.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Therefore, the undersigned recommends that plaintiff's complaint be dismissed without prejudice and without leave to amend.[7]

---

[7] The recommendation is without prejudice to plaintiff seeking to apply for an order of protection in the appropriate state court nor seeking state court review of any alleged violations of orders of protection; however, the undersigned makes no conclusion as to the likelihood of success or merits of such actions.

IV.  **Conclusion**

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED without prejudice and without leave to amend**; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[8]

Dated:  November 17, 2025
       Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge

---

[8] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).